Barnard, P. J.
While it is true that an execution may issued against the property of school trustees to be collected out of their individual property, it is not the only remedy of the judgment creditors.
The debt is against the school district, and no inability upon the part of school trustees to pay individually will absolve the district from its debt.
The defendants are a board, or a quasi corporation, and as such have the money of the district in their hands.
No question is made as to the amount being sufficient and as to the fund being applicable to pay the debt.
The board has no excuse to offer upon this branch of the case why it does not do its duty to the relator.
The facts, therefore, establish mandamus to be the proper remedy. Remedy by action is not a bar to the granting of a writ of mandamus to compel the performance of a duty.
The judgment is final as to the application. Costs were granted by the judgment and cannot be assailed collaterally.
By section 3244, Code, costs can be be given in actions against school trustees for acts or omissions which could be determined upon appeal to the state superintendent. If the trial court determined the question erroneously, it cannot be questioned either upon an execution or upon an *401 application for mandamus. It appears that the superintendent of public instruction declined to take the question.
There was an issue of fact as to whether the trustee had paid for a year, and the relator was not a teacher after his discharge.
The order should be affirmed, with costs and disbursements.
Bykmán and Pratt, JJ., concur.